IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

TAMAWI L. MCGHEE,                          )
                                           )
                                           )                    2:22-CV-00971-MJH
            Plaintiff,                     )
                                           )
        vs.                                )
                                           )
T-MOBILE WIRELESS NETWORK,                 )
                                           )

            Defendant,

OPINION AND ORDER

Plaintiffs, Tamawi L. McGhee, *pro se*, brings the within action against Defendant, T-Mobile Wireless Network, for ""unethical behavior" and "illegal activity of cell phone number listing and contact information."  (ECF No. 1-1).   T-Mobile moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  (ECF No.  12).  The matter is now ripe for consideration.

Following consideration of Mr. McGhee's Complaint (ECF No. 1-1), T-Mobile's Motion for a More Definite Statement (ECF No. 12), the respective responses and briefs (ECF No. 13, 15-16), and for the following reasons, T-Mobile's Motion for a More Definite Statement will be granted.

**<u>Discussion</u>**

T-Mobile argues that it cannot respond to the Complaint because it contains no factual information as to T-Mobile's actions or inactions.  It further contends that the Complaint's vague allegations regarding a series of non-cohesive facts about non-parties make it impossible to determine Plaintiff's theory of liability against T-Mobile.  While Mr. McGhee responded to T-Mobile's motion, T-Mobile maintains that Mr. McGhee's response provided more of the same

vague allegations found in his Complaint thereby depriving T-Mobile's right to frame a fact-specific defense.

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Rule requires that the motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id*.

A motion for a more definite statement will generally be granted "'only if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading.'" *Synagro-WWT, Inc. v. Rush Township*, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2002) (quoting *SEC v. Saltzman*, 127 F. Supp. 2d 660, 668 (E.D. Pa. 2000)). "The United States Court of Appeals for the Third Circuit has, however, highlighted the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller v. Atlantic Freight Systems, Inc*., No. 1:11-CV-01954, 2013 WL 1308235 at *3 (M.D. Pa. Jan. 29, 2013), report and recommendation adopted, 2013 WL 1292907 (M.D. Pa. Mar. 28, 2013). In that circumstance, "'the Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.'" *Id*. (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006)). A number of courts have described Rule 12(e) motions as a means "to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail.'" *Premier*

*Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012) (quoting Frazier v. SEPTA, 868 F. Supp. 757, 763 (E.D. Pa. 1994)) "The decision to grant a motion for a more definite statement is committed to the discretion of the district court." *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008).

Here, T-Mobile's arguments are well-taken.  The Court finds it difficult to discern, from the Complaint, any clear recitation of the facts and claims asserted by Mr. McGee. In his Complaint, Mr. McGhee avers "unethical behavior and illegal activity of cellphone number listing and contact information" and that "[t]he rights violated under the Constitution are the 14th Amendment and the privacy act."  (ECF No. 1-1).  Mr. McGhee further alleges that T-Mobile "activated merchandise purchased" without his presence causing him to "receive a contact from an unknown source." *Id*. However, Plaintiff also alleges that he "had to sign a paper stating that the merchandise had been sold, to [his] knowledge." *Id*.  The Complaint further alleges that Plaintiff "own[s] the merchandise purchased by Darlene Turner."  However, the Complaint provides neither information as regards Darlene Turner's identity, her relationship to this action, nor how the "device was activated to the same account under the name Damawi McGhee." In short, the Complaint fails to set forth a coherent narrative of facts so that both this Court and T-Mobile can understand the series of events alleged by Mr. McGhee and how they might relate to how T-Mobile acted "unethical[ly]" or "illegal[ly]." *Id*.

Furthermore, vagueness and coherence aside, two referenced "claims" in the Complaint, the Fourteenth Amendment and the "privacy act," are not supported under these facts and circumstances. As regards Mr. McGhee's Fourteenth Amendment claim, such claims only apply

to state actors, and T-Mobile is not a state actor.[1] Likewise, while the Complaint does not specify a reference to a specific "Privacy Act," the Privacy Act, as generally referenced under federal law, authorizes claims against federal agencies and not individuals or companies like T-Mobile. *See* 5 U.S.C. § 552a.  Thus, Mr. McGhee's "privacy act" claim would also be subject to dismissal.

As Mr. McGhee will be ordered to file an Amended Complaint, the Court also notes that Mr. McGhee has alleged $999,999,999 in damages. Mr. McGhee has averred a doubtful and exorbitant number that is disconnected from the circumstances he has presented.  Any Amended Complaint should set forth not only the basis for a cause of action but also a factual and legal basis for any damages.  Mr. McGhee's Complaint, in its current form, does not sufficiently allege a basis for his damages or how he has calculated the same.

Accordingly, T-Mobile's Motion for More Definite Statement will be granted.

ORDER

After consideration of Mr. McGhee's Complaint (ECF No. 1-1), T-Mobile's Motion for a More Definite Statement (ECF No. 12), the respective responses and briefs (ECF No. 13, 15-16), and for the reasons stated above, T-Mobile's Motion for a More Definite Answer is granted.  Mr. McGhee shall file an Amended Complaint that comports with the Opinion above on or before September 26, 2022.  Should no Amended Complaint be filed by that date, the Clerk will dismiss the action and mark this case closed.

DATED this 7th  day of September, 2022.

---

[1] The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. CONST. amend. XIV, § 1. This Amendment governs only state action, not the actions of private citizens or organizations. *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)

BY THE COURT:

MARILYN J. HORAN
United States District Court

Sent via mail to:

Tamawi L. McGhee
844 Nevin Avenue
Extension Rear
Sewickley, PA 15143